**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS JURLOW, individually and on behalf of all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| ADVACARE SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Nicholas Jurlow ("Plaintiff"), individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, and for his Complaint against Defendant Advacare Systems, Inc. ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., for Defendant's failure to pay all earned overtime pay and failure to pay overtime wages based on the correct regular rate of pay to Plaintiff and other non-exempt Customer Service Representatives (collectively "CSAs").

2.      Defendant is a Chicago and Ohio based company that provides on demand specialty medical products and equipment to hospice, home care, rehabilitation, long-term care facilities and hospitals throughout the Midwest, including in Kansas, Iowa, Missouri, Wisconsin, Indiana, Michigan, Ohio and Pennsylvania.

3.      Within the last three (3) years, Defendant employed workers, like Plaintiff, as CSAs to field calls from prospective customers, answer their questions about equipment, and to facilitate and coordinate the delivery of medical products and equipment.

4.      Within the last three (3) years, Defendant paid its CSAs on an hourly basis for shifts worked at one or more of Defendant's call center facilities. For example, in or more work weeks during the last 12 months, Defendant paid Plaintiff a base hourly rate of $15.44 per hour for working the second shift, 2:30 p.m. to 11:00 p.m., at Defendant's 2938 N. Pulaski Chicago call center.

5.      Within the last three (3) years, Defendant also paid Plaintiff and other CSAs a shift differential for working the second or third shifts. For example, in or more work weeks in the last 12 months, Defendant paid Plaintiff an additional .77 cents per hour for working the second shift, 2:30 p.m. to 11:00 p.m.

6.      Within the last three (3) years, Defendant paid its CSAs, like Plaintiff, a lump sum or flat rate for working "on-call" on certain weekday and weekend evenings, without regard to the number of hours actually worked. For example, in or more work weeks in the last 12 months, Defendant paid Plaintiff a flat rate of $125 for being on-call between approximately 11:00 p.m. to 7:00 a.m. on Mondays through Fridays, and $175 for being on-call from approximately 8:00 p.m. to 8:00 a.m. on Saturdays or Sundays.

7.      Within the last three (3) years, Plaintiff has worked over forty (40) hours per week in individual work weeks.

8.      Within the last three (3) years, Defendant's other CSAs have worked over forty (40) hours per week in individual work weeks.

2

9.      Within the last three (3) years, when Defendant's CSAs, like Plaintiff, have worked over forty (40) hours in individual work weeks, Defendant failed to pay these employees overtime at one and one-half times their hourly rates of pay for all time worked. For example, Defendant does not apply towards the maximum hour provisions of 29 U.S.C. §207 any of the time worked by CSAs while "on-call" on weekday and weekend evenings.

10.      When Defendant paid its CSAs, like Plaintiff, overtime pay, Defendant failed to include in one or more individual work weeks the lump-sum or flat rate payments as part of Plaintiff's and other CSA's regular rates of pay for calculating the correct overtime rate.

11.      When Defendant paid its CSAs, like Plaintiff, overtime pay, Defendant failed to include in one or more individual work weeks the shift differentials paid to Plaintiff and other CSAs as part of the regular rates of pay for calculating the correct overtime rate.

12.      As a result, Defendant failed to pay overtime to CSAs, like Plaintiff, for all time worked and at the correct regular rate, in violation of the FLSA and IMWL.

**JURISDICTION AND VENUE**

13.      This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

14.      This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

15.      Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.  28 U.S.C. § 1391.

**THE PARTIES**

16.      Plaintiff Jurlow resides in and is domiciled in Cook County, Illinois.

17.      As of the filing of this Complaint, Plaintiff is employed by Defendant as a CSA.

3

18.     Plaintiff commenced employment with Defendant on or about June 4, 2013.

19.     As a CSA for Defendant, Plaintiff works at Defendant's 2938 N. Pulaski call center in Chicago, Illinois.

20.     As a CSA for Defendant, Plaintiff's job duties included receiving calls from individuals about the purchase and delivery of specialty medical products and equipment to hospice, home care, rehabilitation, long-term care facilities and hospitals throughout the Midwest.

21.     Defendant is an Illinois corporation.

22.     Defendant's principal place of business is located at 2938 N. Pulaski, Chicago, Illinois.

23.     Defendant also operates a call center at which CSAs are employed in Cleveland, Ohio.

24.     Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

25.     One or more CSAs who worked for Defendant were Defendant's "employee[s]" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

26.     Plaintiff was Defendant's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

27.     One or more CSAs who worked for Defendant were Defendant's "employee[s]" as defined by the IMWL, 820 ILCS 105/3(d).

28.     Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

29.     Defendant was one or more CSAs "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

30.     Defendant was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

4

31.     Defendant was one or more CSAs "employer" as defined by the IMWL, 820 ILCS 105/3(c).

32.     During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA. 29 U.S.C. § 207.

33.     Within the last three (3) years, one or more CSAs who worked for Defendant were not exempt from the overtime wage provisions of the FLSA. 29 U.S.C. § 207.

34.     During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

35.     Within the last three (3) years, one or more CSAs who worked for Defendant were not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

36.     Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

37.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

38.     Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

39.     During the course of Plaintiff's employment by Defendant as a CSA, Plaintiff was engaged in interstate commerce.

40.     Within the last three (3) years, CSAs who worked for Defendant were engaged in interstate commerce.

**BACKGROUND FACTS**

41.     Defendant has employed over fifty (50) CSAs within the last three (3) years in the job position of CSA.

5

42.     In one or more work weeks during Plaintiff's employment, Defendant paid Plaintiff on an hourly basis in one or more work weeks.

43.     In one or more work weeks during Plaintiff's employment, Defendant paid Plaintiff a shift differential.

44.     In one or more work weeks during Plaintiff's employment, Defendant paid Plaintiff a flat rate or lump-sum for working "on-call" on certain weekday and weekend nights, without regard to the number of hours worked.

45.     In one or more work weeks within the last three (3) years, Defendant paid one or more of its other CSAs on an hourly basis.

46.     In one or more work weeks within the last three (3) years, Defendant paid one or more of its other CSAs shift differentials.

47.     In one or more work weeks within the last three (3) years, Defendant paid one or more of its other CSAs a lump-sum or flat rate for working on-call on certain weekday and weekend nights, without regard to the number of hours worked.

48.     During the course of his employment by Defendant, Plaintiff was directed by Defendant to work over forty (40) hours in one or more individual work weeks.

49.     Within the last three (3) years, Defendant directed one or more of its other CSAs to work over forty (40) hours in one or more individual work weeks.

50.     During the course of his employment by Defendant as a CSA, Plaintiff worked over forty (40) hours in one or more individual work weeks.

51.     Within the last three (3) years, one or more of Defendant's other CSAs worked over forty (40) hours in one or more individual work weeks.

6

52. In one or more work weeks within the last three (3) years, when Plaintiff worked "on-call" on certain weekday or weekend nights, Defendant did not apply any hours worked while "on-call" towards the maximum hour provisions of 29 U.S.C. §207(a).

53. In one or more work weeks within the last three (3) years, one or more of Defendant's other CSAs worked "on-call" on weekday or weekend nights, but Defendant did not apply any hours worked while "on-call" towards the maximum hour provisions of 29 U.S.C. §207(a).

54. In one or more work weeks during Plaintiff's employment by Defendant as a CSA, Defendant paid Plaintiff overtime wages when he worked over forty (40) hours in individual work weeks at a rate of one and one-half times his hourly rate of pay, but did not include shift differentials as part of the regular rate of pay for overtime pay purposes. Exhibit A.

55. In one or more work weeks within the last three (3) years, Defendant paid one or more of its other CSAs overtime wages when they worked over forty (40) hours in individual work weeks at a rate of one and one-half times their hourly rate of pay, but did not include shift differentials as part of the regular rate of pay for overtime pay purposes.

56. In one or more work weeks during Plaintiff's employment by Defendant as a CSA, Defendant paid Plaintiff overtime wages when he worked over forty (40) hours in individual work weeks at a rate of one and one-half times his hourly rate of pay, but did not include the lump-sum or flat rate "on-call" payments as part of the regular rate of pay for overtime pay purposes. Exhibit A; 29 C.F.R. §778.311.

57. In one or more work weeks within the last three (3) years, Defendant paid one or more of its other CSAs overtime wages when they worked over forty (40) hours in individual work weeks at a rate of one and one-half times their hourly rates of pay, but did not include the lump-

7

sum or flat rate payments as part of the regular rate of pay for overtime pay purposes. 29 C.F.R. §778.311.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates the previous allegations of this Complaint as if fully set forth within this Count I.

58.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for its failure to pay all earned overtime pay and failure to pay overtime wages at the correct regular rate of pay to Plaintiff and other similarly-situated persons, including Defendant's CSAs.

59.     Plaintiff brings his FLSA claim as a collective action.

60.     Plaintiff's consent form to act as a representative party plaintiff is attached to this Complaint. *See* Exhibit B.

61.     Defendant's failure to apply any hours Plaintiff worked while "on-call" on certain weekday and weekend nights towards the maximum hour provisions of 29 U.S.C. §207 violated the FLSA.

62.     Defendant's failure to apply any hours that other CSAs worked while "on call" on certain weekday and weekend nights towards the maximum hour provisions of 29 U.S.C. §207 violated the FLSA.

63.     Defendant's failure to include Plaintiff's shift differentials as part of his regular rate of pay for overtime pay purposes violated the FLSA. See Exhibit A.

64.     Defendant's failure to include the shift differentials paid to other CSAs as part of their regular rate of pay for overtime pay purposes violated the FLSA.

8

65.     Defendant's failure to include the lump-sum or flat rate "on-call" payments made to him for working certain weekday or weekend nights as part of his regular rate of pay for overtime pay purposes violated the FLSA. 29 C.F.R. §778.311.

66.     Defendant's failure to include the lump-sum or flat rate "on-call" payments made to other CSAs for working certain weekday or weekend nights as part of their regular rate of pay for overtime pay purposes violated the FLSA.

67.     Defendant willfully violated the FLSA by failing to pay Plaintiff overtime wages for all time worked

68.     Defendant willfully violated the FLSA for failing to pay other CSAs overtime wages for all time worked.

69.     Defendant willfully violated the FLSA by failing to pay Plaintiff overtime wages at the correct regular rate of pay.

70.     Defendant willfully violated the FLSA by failing to pay other CSAs overtime wages at the correct regular rate of pay.

WHEREFORE, Plaintiff and those similarly situated, including Defendant's other CSAs, pray for a judgment against Defendant as follows:

A.     A judgment in an amount equal to Plaintiff's and other similarly situated employees' unpaid overtime wages;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     An award of prejudgment interest to the extent liquidated damages are not awarded;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this

9

action; and

E.    Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Class Action)**

Plaintiff hereby realleges and incorporates the previous allegations of this Complaint as if fully set forth within this Count II.

71.    This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff and the class he seeks to represent their earned overtime pay at the correct rate.

72.    Plaintiff brings his IMWL claim as a class action under Fed. R. Civ. P. 23.

73.    Plaintiff, and members of the class he seeks to represent, are current and former CSAs employed by Defendant in Illinois from November 15, 2012 to the present, who (a) were not paid overtime wages for all time worked on weekday and/or weekend "on call shifts" and/or (b) were not paid overtime wages based on their regular rate of pay.

74.    Defendant has employed over fifty (50) persons as CSAs in Illinois within the previous three (3) years.

75.    Defendant's failure to apply any hours Plaintiff worked while "on-call" on certain weekday and weekend nights towards the maximum hour provisions of 820 ILCS 105/4 violated the IMWL.

76.    Defendant's failure to apply any hours that other CSAs worked while "on call" on certain weekday and weekend nights towards the maximum hour provisions of 820 ILCS 105/4 violated the IMWL.

77. Defendant's failure to include Plaintiff's shift differentials as part of his regular rate of pay for overtime pay purposes violated the IMWL. See Exhibit A.

78. Defendant's failure to include the shift differentials paid to other CSAs as part of their regular rate of pay for overtime pay purposes violated the IMWL.

79. Defendant's failure to include the lump-sum or flat rate "on-call" payments made to him for working certain weekday or weekend nights as part of his regular rate of pay for overtime pay purposes violated the IMWL.

80. Defendant's failure to include the lump-sum or flat rate "on-call" payments made to other CSAs for working certain weekday or weekend nights as part of their regular rate of pay for overtime pay purposes violated the IMWL.

81. This Count is brought pursuant to Fed. R. Civ. P. 23 because Plaintiff and other CSAs are similarly situated to Plaintiff based on the manner Defendant compensated them.

82. This Count is brought pursuant to Fed. R. Civ. P. 23 because Plaintiff and other CSAs are so numerous that joinder of all members is impracticable.

83. Plaintiff and Defendant's other CSAs are equally affected by the overtime wage payment violations of Defendant, and the relief sought is for the benefit of the individual Plaintiff and the class that Plaintiff seeks to represent.

84. The issues involved in this lawsuit present common questions of law and fact.

85. The common questions of law and fact predominate over the variations which may exist between members of the class, if any.

86. Plaintiff and the class of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

11

87. The violations alleged by Plaintiff are the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

88. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

89. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

90. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

91. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

92. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the class he seeks to represent pray for judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

       E.       Such other and further relief as this Court deems just and proper.

Dated:  November 13, 2015

                        Respectfully submitted,

                        <u>s/Douglas M. Werman</u>
                        One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff