# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS JURLOW, individually and on behalf of all other persons similarly situated, known and unknown, | ) | |
| Plaintiff, | ) | Case No. 15-CV-10309 |
| v. | ) | Magistrate Judge Valdez |
| ADVACARE SYSTEMS, INC. | ) | |
| Defendant. | ) | |

**JOINT STIPULATION OF SETTLEMENT**

This Joint Stipulation of Settlement ("Joint Stipulation") is between Nicholas Jurlow, on behalf of himself and other Opt-In Plaintiffs, and Defendant Advacare Systems, Inc.

1. DEFINITIONS

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another section.

(a) "Action" means the civil action pending in the United States District Court, Northern District of Illinois, titled *Jurlow v. Advacare Systems, Inc*., Civil Action Number 15-10309.

(b) "Court" means the United States District Court, Northern District of Illinois, Eastern Division.

(c) "Defendant" means Advacare Systems, Inc. and its past, present and future parents, subsidiaries, affiliated corporations, officers, directors, employees, partners,

shareholders, managers, attorneys, insurers, and agents, and any other predecessors, successors, administrators, executors, heirs, or assigns.

(d) Named Plaintiff or Plaintiff means Nicholas Jurlow.

(e) The terms "Plaintiffs," "Settlement Class," "Opt-In Plaintiffs" or "Settlement Class Members" mean the persons, including Named Plaintiff, who timely filed consent forms to become Opt-In Plaintiffs to this Action and who are identified on Exhibit A, hereto.

(f) "Parties" means Plaintiff and Opt-In Plaintiffs and Defendant, collectively.

(g) "Plaintiff's Counsel" means Werman Salas P.C.

2. THIS JOINT STIPULATION IS CONTINGENT ON COURT APPROVAL

If for any reason the material terms of this Joint Stipulation are not approved by the Court, this Joint Stipulation will be void and of no force and effect. Further, nothing from the settlement process, including documents created or obtained through the settlement process, shall be admissible as evidence in the Action or used in any way contrary to the Parties' respective interests. Whether or not the Joint Stipulation is approved, neither the Joint Stipulation nor any document, statement, proceeding, or conduct related to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any party.

3. STATEMENT OF NO ADMISSION

(a) This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission by Defendant as to the truth of the factual allegations or the merits of the claims made against it in this Action.

(b) This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission of liability or wrongdoing on the part of Defendant with respect to this Action.

4. MONETARY TERMS OF SETTLEMENT

(a) The "Total Settlement Payment" is $85,000.

(b) The Total Settlement Payment shall be used to pay:

(i) Court-approved Settlement Payments to the Named Plaintiff and the Settlement Class;

(ii) The attorneys' fees, costs, and litigation expenses of Plaintiff's Counsel, as awarded by the Court;

(iii) The Service Award, as awarded by the Court; and

(iv) Any other additional expenses incurred in connection with the administration of this Joint Stipulation (other than the employer's share of payroll taxes for Plaintiffs).

(c) Under no circumstance will Defendant's settlement liability, other than Defendant's share of employer payroll taxes, exceed the Total Settlement Payment.

(d) From the Total Settlement Payment, the following will be deducted to determine the "Net Settlement Fund":

(i) "Service Award" to the Named Plaintiff in the maximum amount of $5,000.00; and

(ii) "Attorneys' Fees and Costs" in the maximum amount of $30,000.

(e) The Net Settlement Fund will be divided among the Settlement Class *pro rata* based on individual computations of unpaid overtime wages. Each Settlement Class Member's Settlement Payment was calculated according to the following formula:

(i) For each Plaintiff, the following formula shall be applied to determine the gross amount of overtime wages owed, using payroll data previously produced by Defendant:

Reg. Wages + SD Reg. Wages + OT Wages + SD OT Wages + On-Call Wages + Bonus Wages = Gross Wages Paid

Reg. Hours + OT Hours + On-Call Hours = Total Hours Worked

Gross Wages Paid/Total Hours Worked = Regular Rate of Pay

If Total Hours Worked > 40,

(40 * Reg. Rate of Pay) + ((Total Hours Worked – 40) * (Reg. Rate of Pay *1.5)) = Gross Earned Wages

Gross Earned Wages – Gross Wages Paid = Owed Overtime Wages

(ii) The Net Settlement Fund shall be divided by the sum of all Plaintiffs' Total Overtime Wages Owed. The quotient, expressed as a percentage, shall represent the Pro Rata Factor.

(iii) Each Plaintiff's Total Overtime Wages Owed shall be multiplied by the Pro Rata Factor to determine each Plaintiff's Settlement Payment.

(iv) Each Plaintiff's Settlement Payment, calculated in accordance with subparagraphs (i) through (iii) above, is identified on Exhibit A to this Joint Stipulation.

(f) Opt-In Plaintiffs' Settlement Payments shall be delivered in one or two checks, allocated as follows:

(i) One-half of each Opt-In Plaintiff's Settlement Payment will represent each Settlement Class Member's unpaid overtime wages. Regular employee payroll deductions shall be taken out of this portion of each Opt-In Plaintiff's settlement payment by Defendant. Federal income tax on that amount will be withheld for all Plaintiffs in accordance with the withholding elections on file with Defendant. State income tax will be withheld according to applicable state withholding requirements. Defendant shall timely issue and mail to each Plaintiff who negotiates a Settlement Payment check an IRS Form W-2 for this portion of the Settlement Payment for the year in which the Settlement Payment check is negotiated.

(ii) One-half of each Opt-In Plaintiff's settlement payment will represent liquidated damages. Payroll deductions and income taxes shall not be taken from this portion of each Settlement Payment, or from the Service Award payment. Defendant shall timely issue and mail each Settlement Class Member who negotiates a Settlement Payment check an IRS Form 1099 for the liquidated damages portion of each Settlement Payment or Service Award for the year in which the Settlement Payment check is negotiated. Defendant shall also timely issue and mail to the Named Plaintiff a Form 1099 for his Service Award.

(iii) Defendant shall be responsible for the employer's portion of all applicable payroll taxes. Other than the withholding and reporting requirements herein, Settlement Class Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Joint Stipulation.

(iv) To the extent permitted by law, in no event shall any Settlement Payment to Plaintiffs or any Service Award create any credit or otherwise affect the calculation of or

eligibility for any compensation, bonus, deferred compensation or benefit under any compensation, deferred compensation, pension or other benefit plan, nor shall any such Settlement Payment or Service Award be considered as "compensation" under any pension, retirement, profit sharing, incentive or deferred compensation benefit or plan, nor shall any such payment or award require any contribution or award under any such plan, or otherwise modify any benefits, contributions or coverage under any other employment compensation or benefit plan or program.

(g) Defendant shall determine the employer's share of payroll employment taxes on Settlement Payments to Plaintiffs, and shall communicate such amount to Class Counsel with an explanation of the calculations. In the event of any dispute as to the calculation of employer's share of payroll taxes, the Parties shall meet and confer in good faith in an attempt to resolve the dispute. If the dispute cannot be resolved, it shall be submitted to the Court for a final determination. Defendant shall timely remit and report the applicable portions of the payroll tax payments to the appropriate taxing authorities.

(h) If it is subsequently determined by a taxing authority that Named Plaintiff or Settlement Class Member owes any additional taxes on any money distributed under this Joint Stipulation, it is expressly agreed that the determination of any tax liability is between the Named Plaintiff and/or Settlement Class Member and the taxing authorities, and that Defendant is not responsible for the payment of such taxes, including any interest and penalties. No payments made to Named Plaintiff and/or Settlement Class Member in this Joint Stipulation will be considered wages for purposes of calculating, or recalculating, benefits provided by Defendant under the terms or conditions of any employee benefit plan.

5. MUTUAL GENERAL RELEASE OF CLAIMS OF NAMED PLAINTIFF

The Named Plaintiff will release and forever discharge Defendant from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against Defendant, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with the Named Plaintiff's employment by Defendant. Excepted from this release is any claim or right which cannot be waived by law, including claims arising after the date this Agreement is executed. In consideration of the promises made by the Parties in this Agreement, Plaintiff agrees never to institute any lawsuit, complaint, proceeding, grievance or action of any kind at law, in equity, or otherwise in any court of the United States, state, or municipality against each other arising from or relating to Plaintiff's employment at Defendant, treatment at, wages from, or separation of employment from Defendant and/or any other occurrence prior to the date this Agreement is executed.

6. RELEASE OF CLAIMS OF SETTLEMENT CLASS MEMBERS

Settlement Class Members will release Defendant from any and all claims, or causes of action for minimum wages or overtime pay that were raised in the Complaint in this Action for the period of November 11, 2012 through November 15, 2015 ("Released Claims"). In consideration of the promises made by the Parties in this Agreement, Settlement Class Members further agree never to institute any lawsuit, complaint, proceeding, grievance or action of any kind at law, in equity, or otherwise in any court of the United States, state, or municipality arising from or relating to the Released Claims. The back of each check to Settlement Class Members will contain the following limited endorsement:

> I agree to release any and all claims, or causes of action for minimum wages or overtime pay that were raised in the Complaint in this Action for the period of November 11, 2012 through November 15, 2015.

7. ATTORNEYS' FEES AND EXPENSES

(a) Plaintiff's Counsel will move the Court for an award of attorneys' fees and costs in the amount of $30,000.00. Defendant will not oppose this request. If the Court awards less than $30,000.00 for attorneys' fees and/or less than the reasonable litigation expenses actually incurred for expenses, the remainder will be added to the Net Settlement Fund described in Section 4. Any reduction by the Court in the attorneys' fees and expenses awarded to Class Counsel will not be a basis for rendering the entire Joint Stipulation voidable or unenforceable.

(b) Plaintiffs and Class Counsel understand and agree that any attorneys' fee payments will be the full, final, and complete payment of all attorneys' fees and costs arising from or relating to the representation of the Named Plaintiff, Plaintiffs, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the Action. Plaintiffs and Plaintiff's Counsel represent and warrant that the terms of this Joint Stipulation shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Action. Nothing in this Section shall preclude Plaintiff from appealing the allocation of Plaintiff's Counsel's fees, and/or costs should the sum awarded by the Court fall below that requested.

8. SERVICE AWARDS

(a) Plaintiff's Counsel will move for a Service Award in the amount of $5,000.00 for Plaintiff, for his service to Settlement Class Members in commencing and prosecuting the

Action, including conferring with Plaintiff's Counsel to develop relevant facts for the case and attending the Court supervised settlement conference. Defendant agrees not to oppose this request. If the Court awards less than $5,000.00 as a Service Award, the remainder will be added to the Net Settlement Fund described in Section 4. Any reduction by the Court in the Service Award awarded will not be a basis for rendering the entire Settlement Agreement voidable or unenforceable. Nothing in this Section shall preclude Plaintiff from appealing the allocation of a Service Award should the sum awarded by the Court fall below that requested.

9. SETTLEMENT TIMELINE

The Parties agree to follow the following timeline for the completion of the settlement process and the dismissal of this Action:

(a) Settlement Approval: The Parties shall file a Joint Motion for Settlement Approval in the Action, or an equivalent request for settlement approval, requesting that the Court approve the terms of this Settlement. As part of the Order asking the Court to approve the Settlement, the Parties will ask that the Action be dismissed without prejudice to automatically convert to a dismissal with prejudice one hundred and twenty (120) days after the Order of approval is entered on the Court's docket.

(b) Issuance of Settlement Payments, Service Award And Attorney's Fees to Class Counsel:

Within fifteen (15) days after the Court approves the settlement, Defendant shall provide Plaintiff's Counsel with Settlement Payment checks made payable to Plaintiffs in the amounts listed on Exhibit A, hereto. These checks shall be negotiable by Plaintiffs for 90 days from the

date they were provided to Plaintiff's Counsel. Plaintiff's Counsel shall then mail or otherwise deliver these Settlement Payment checks to Plaintiffs.

10. MUTUAL FULL COOPERATION

The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Joint Stipulation, and exercise good faith efforts to accomplish the terms and conditions of this Joint Stipulation.

11. CONSTRUCTION

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between and among the Parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Joint Stipulation.

12. INTEGRATION

This Joint Stipulation contains the entire agreement between the parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. There are no undisclosed side agreements between the Parties or their counsel. No rights hereunder may be waived except in writing.

13. BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

14. MODIFICATION

This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Joint Stipulation may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

15. APPLICABLE LAW

The terms of this Joint Stipulation shall be governed by and construed in accordance with Illinois law.

16. RETENTION OF JURISDICTION

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Joint Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Joint Stipulation.

17. COUNTERPARTS

This Joint Stipulation may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties.

18. PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

Signed this ___ day of _____________, 2016.

By: ______________________

Douglas M. Werman
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
T: (312) 419-1008
E. dwerman@flsalaw.com

**COUNSEL FOR PLAINTIFFS**

______________________________

Jeffrey L. Rudd
Jackson Lewis, P.C.
150 N. Michigan Ave, Suite 2500
Chicago, IL 60601
(T): (312) 787-4949
E: jeffrey.rudd@jacksonlewis.com

**COUNSEL FOR DEFENDANT**

# EXHIBIT A

Jurlow v. Advacare Systems, Inc.

EXHIBIT A TO JOINT STIPULATION OF SETTLEMENT

| Opt-In Plaintiff | Pro Rata Payment |
|---|---|
| Elliot, Marylou | $2,999.84 |
| Francis, Christina | $3,627.25 |
| Glad, Brian | $65.18 |
| Gordon, Damon | $467.63 |
| Hall, Toshia | $3,648.61 |
| Hunter, Alist | $3,410.77 |
| Jurlow, Nick | $6,337.69 |
| Jurlow, Nick (Service Award) | $5,000.00 |
| Klyap, Michael | $86.02 |
| McGranor, William | $4,076.87 |
| Merkson, Teresa | $16,374.49 |
| Niedzwiecki, Jessica | $864.49 |
| Reader, Vickie | $1,376.04 |
| Siegel, Matt | $2,665.02 |
| Tines, Jacqueline | $1,539.88 |
| Wiese, Lenora (Penny) | $2,460.22 |
| **Total** | **$55,000.00** |